UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CELIO NEPTALI LLIGUICHUZHCA,                  :

                Plaintiff,                     :    MEMORANDUM ORDER

   -v.-                                          :
                                                             11 Civ. 4486 (GWG)
CINEMA 60, LLC et al.,                              :

                Defendants.               :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Background

      Plaintiffs Celio Neptali Lliguichuzhca and Carlos Lliguichuzhca brought this action alleging that defendants Cinema 60, LLC, Steven Galanis, and Anastasios Manikes (collectively, "defendants") violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The Court held a bench trial in this matter on March 4 and 5, 2013. At the conclusion of the trial, the Court ruled in favor of the plaintiffs, finding that defendants violated several provisions of the FLSA and the NYLL. The Court made general findings of fact and conclusions of law, but requested that the attorneys submit briefing on the calculation of damages. The defendants' papers essentially did not contest that, given the Court's ruling at the conclusion of the bench trial, plaintiff Celio would have been entitled to a judgment for $56,670.88 in unpaid overtime, spread of hours, and federal and state liquidated damages, and plaintiff Carlos would have been entitled to a judgment for $15,910.85. Plaintiffs' request for approximately $75,886.68 in attorney's fees and costs was similarly uncontested.

      After briefing was concluded, the parties sought a settlement conference, which was held on April 26, 2013. At the parties' request, the Court agreed to delay the entry of any judgment

1

until May 15, 2013 to allow negotiation of a settlement. In submissions made on May 15, 2013, the parties sought approval by the Court for a settlement embodied in a document titled "Full Release of All Claims." Under this proposed settlement, defendants agreed to pay $60,000 in exchange for dismissal of the action with prejudice and general releases of all claims. See Full Release of All Claims, dated May 15, 2013, ¶¶ 1–4.

Because the parties sought Court approval of the settlement, we asked for additional information regarding the proposed terms, which plaintiffs' attorney supplied in a letter dated May 29, 2013. See Letter from Peter Cooper to Hon. Gabriel W. Gorenstein, filed June 4, 2013 (Docket # 39) ("Pl. Letter"). In that letter, plaintiffs' counsel disclosed that the settlement proceeds were to be divided as follows: Celio was to receive $30,000, Carlos was to receive $6000, and counsel's firm Cilenti & Cooper, PLLC was to receive $24,000. Id. at 1. The letter requested that the Court approve the settlement. Id.

Need for Judicial Approval of FLSA Settlements

We begin by noting that it is not clear that judicial approval of an FLSA settlement is legally required. See Fernandez v. A-1 Duran Roofing, Inc., 2013 WL 684736, at *1 (S.D. Fla. Feb. 25, 2013) (approval unnecessary where "both Parties were represented by counsel and therefore negotiated a settlement . . . in an adversarial proceeding"); Picerni v. Bilingual Seit & Preschool Inc., 2013 WL 646649, at *4–5 (E.D.N.Y. Feb. 22, 2013) (plaintiff's acceptance of offer of judgment for FLSA claims and dismissal pursuant to Fed. R. Civ. P. 41(a) did not require judicial approval); Smith v. Tri-City Transmission Serv., 2012 U.S. Dist. LEXIS 119428, at *3 (D. Ariz. Aug. 23, 2012) ("It is no longer clear that a settlement of FLSA claims must be approved by the court to be binding . . . ."). But see, e.g., Files v. Federated Payment Sys. USA, Inc., 2013 WL 1874602, at *1–3 (E.D.N.Y. Apr. 2, 2013) (FLSA settlement requires judicial

approval).  Nonetheless, because the parties have requested judicial approval, we will follow case law as to the nature of that approval.

Fairness and Reasonableness of the Settlement

Under case law requiring approval of an FLSA settlement, the district court "must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citing cases); accord Hernandez v. Tabak, 2013 WL 1562803, at *1 (S.D.N.Y. Apr. 10, 2013).  Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013) (citations and internal quotation marks omitted).  In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (alteration in original) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)).

Here, there is no question that the settlement did not come about because of "overreaching" by the employer.  To the contrary, plaintiffs were represented by highly competent counsel.  Plaintiffs' counsel actively sought a settlement because of plaintiffs' legitimate concerns about the collectability of any judgment against the defendants.  Defendants had informed plaintiffs that they would not pay if a judgment were entered and "[p]laintiffs' counsel perceived these threats as credible."  Pl. Letter at 2.  The corporate defendant Cinema 60, LLC has no assets and is not operating as a business.  Id.  According to plaintiffs, the

individual defendants have "the resources and knowledge to conceal and shield assets using corporate identities and business associates or family members." Id.  Defendant Galanis currently operates a restaurant owned by a family member, has ties to foreign countries, and has been abroad at least three times in the last year.  Id.  Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable.  See Cabrera v. Roselea Int'l Servs., Inc., 2011 WL 7096634, at *4 (M.D. Fla. Dec. 30, 2011) (finding compromise reasonable where plaintiff recognized "'serious collectability issues'"), adopted, 2012 WL 230061 (M.D. Fla. Jan. 25, 2012); see also Knight v. Alta Healthcare Grp., Inc., 2009 WL 890204, at *2 (M.D. Fla. Mar. 31, 2009) (noting defendant's argument that "collectability was an issue for Plaintiff to consider").

      The proposed settlement is also the product of negotiation between represented parties following extensive litigation.  Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable.  See, e.g., Hernandez, 2013 WL 1562803, at *1–2.  Moreover, courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement."  Aponte v. Comprehensive Health Mgmt., Inc., 2013 WL 1364147, at *4 (S.D.N.Y. Apr. 2, 2013) (citation and internal quotation marks omitted).

      Given that plaintiffs face substantial barriers to collecting any judgment and that the proposed settlement is the result of arm's length bargaining between represented counsel during contested litigation, the Court finds it to be fair and reasonable.

      The Court must also separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined.  Wolinsky, 900 F. Supp. 2d at 336–37; accord Petrotto v. S. Healthcare Mgmt., LLC, 2012 WL

4

2931315, at *2 (M.D. Fla. July 16, 2012), adopted, 2012 WL 2930869 (M.D. Fla. July 18, 2012); Misiewicz v. D'Onofrio Gen. Contractors Corp., 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010), adopted, 2010 WL 2545472 (E.D.N.Y. June 18, 2010). Attorney's fees in FLSA settlements are examined "to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" Wolinsky, 900 F. Supp. 2d at 336 (alterations in original) (quoting Cisek v. Nat'l Surface Cleaning, Inc., 954 F. Supp. 110, 110–11 (S.D.N.Y. 1997)). Where the fees are set as part of negotiations between the parties, "there is 'a greater range of reasonableness for approving attorney's fees.'" Id. (quoting Misiewicz, 2010 WL 2545439, at *5). Here, plaintiffs are receiving approximately 50% of what they would have been entitled to with a judgment while plaintiff's counsel is receiving only 32% of the share of attorney's fees that the Court would have awarded. Thus, the settlement does not favor plaintiffs' counsel over plaintiffs' themselves.

For the foregoing reasons, the proposed settlement is approved and the case is dismissed with prejudice. The Clerk is directed to close this case.

SO ORDERED.

Dated: June 5, 2013
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge